IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM G. BARTLETT and ELIZABETH K. BARTLETT,<br><br>Plaintiffs,<br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a Fannie Mae, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and BANK OF AMERICA, N.A.,<br><br>Defendants. | CV 16-41-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

I.  **Introduction**

This case has its genesis in a home loan made in 2004. Plaintiffs William G. Bartlett and Elizabeth K. Bartlett (the "Bartletts"), appearing *pro se*, filed this action in Montana state court on March 18, 2016, against Defendants Countrywide Home Loans, Inc. ("Countrywide"), Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae"), Mortgage Electronic Registration Systems ("MERS"), and Bank of America, N.A. ("BANA" and collectively the

"Defendants"). *Cmplt. (ECF No. 4) at 1.*[1] The Bartletts, claiming irregularities arising from the mortgage loan's sale from Countrywide to Fannie Mae and from Fannie' Mae's subsequent "securitization" of the loan, seek the Court's declaration that the note, deed of trust/mortgage, and assignment of mortgage are "nullities and moot." *Id. at 21-22.* Now pending is Defendants' motion to dismiss. *Mtn. to Dismiss (ECF No. 5).*

## II. Procedural Background

On April 13, 2016, Countrywide and BANA – as the only Defendants having been served but with the consent of MERS and Fannie Mae – timely removed the case, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. *Notice of Removal (ECF No. 1) at 2-5.* In an Order filed May 27, 2016, Judge Watters referred the case to the undersigned under 28 U.S.C. § 636(b)(1). *Order (ECF No. 10).*

On April 20, 2016, Defendants filed their motion to dismiss the Bartletts' Complaint under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. *ECF No. 5 at 2.*

---

[1]"ECF No." refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.* References to page numbers are to those assigned by the electronic filing system.

Defendants also filed a supporting memorandum of law. *ECF No. 6*.

To date, the Bartletts have not filed a response to Defendants' motion to dismiss, nor have they sought or received an extension of time to do so. Because Defendants filed their motion to dismiss on April 20, 2016, the Bartletts' response was due May 11, 2016. *See* Local Rule 7.1(d)(1)(B)(I) ("Responses to motions to dismiss . . . must be filed within 21 days after the motion was filed."). On May 6, 2016, however, the Bartletts did file their "Objection to Removal to Federal Court." *ECF No. 7*. In an accompanying "Exhibit" in which they attempt to explain their position, the Bartletts attack the Notice of Removal filed by Countrywide and BANA as "a result of fraudulent misrepresentations to the Court[.]" *ECF No. 7-1 at 3*.

Although the Bartletts' objection to removal is not denominated as such, the Court will treat it as a motion to remand. And, construing the *pro se* Bartletts' document liberally, as it must, the Court also will view it as their response to Defendants' motion to dismiss.

## III. Factual Background[2]

On May 17, 2004, the Bartletts obtained a $239,000 mortgage loan (the "Loan") from Countrywide respecting property located at 4565 Palisades Park Drive, Billings, Montana, 59106. *Deed of Trust (ECF No. 4 at 67-69)*. The Bartletts executed a promissory note (the "Note") in conjunction with the Loan secured by a Deed of Trust (the "Deed of Trust"). *Id*.

Countrywide subsequently sold the Loan to Fannie Mae. *Cmplt. (ECF No. 4) at 5*. BANA is the Loan servicer. *Id. at 4*. The Deed of Trust names MERS as nominee for the lender and lender's assigns, as the beneficiary. *ECF No. 4 at 68*. The Deed of Trust allows the lender to sell the Note without notice to the Bartletts. *Id. at 75*. On December 24, 2009, MERS assigned the Deed of Trust to BAC Home Loans Servicing, LP, which merged with and into BANA on July 1, 2011. *Assignment of Deed of Trust (ECF No. 4 at 79); see also ECF No. 6, n.2*.

## IV. The Bartletts' Claim

The Bartletts allege that when Fannie Mae "securitized" the

---

[2]The Court has taken the background facts from the Bartletts' Complaint and documents attached thereto. The Court accepts them as true for purposes of the pending motions.

Loan, it was divided into three parts: (1) the Tangible Note; (2) the Deed of Trust; and (3) the Intangible Payment Obligation. *ECF No. 4 at 30-31*. They argue that, because the Intangible Payment Obligation was split between "multiple classes" of the securitized trust, Fannie Mae was required to transfer possession of the Note and to assign the Deed of Trust to "multiple classes" of its securitized trust. The Bartletts maintain that this transfer is impossible to accomplish. *Id. at 42*. Thus, they argue, no one has the right to enforce the Deed of Trust and the "mortgage contract is a nullity." *Id. at 55-56* (emphasis omitted). Because of this allegation, the Bartletts essentially are seeking to quiet title to the property.

V. **Discussion**

   A. **Motion to Remand**

Although it is extremely difficult to discern from their objection to removal the precise bases upon which the Bartletts seek remand, it is clear that they request an "order denying removal to federal court[.]" *ECF 7-1 at 9* (emphasis omitted). To the extent their objection can be deciphered, it appears that the Bartletts contend that, because they have conclusively proven their case through their pleadings thus far,

-5-

Defendants have no basis to remove the matter. *Id. at 3-9*. The Court is not persuaded.

A civil action's removal from state court to federal court is appropriate if the action originally could have been filed in federal court. 28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, this action originally could have been filed in federal court because there is no doubt that the Court has diversity jurisdiction under 28 U.S.C. § 1332 and the removing Defendants have satisfied their burden of demonstrating that removal was proper. In the April 13, 2016 Notice of Removal, Countrywide and BANA stated three grounds for removal: (1) the notice of removal was timely, *ECF No. 1 at ¶ 8*; (2) complete diversity of citizenship exists between the parties, *id. at ¶¶ 7, 10*; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs, *id. at ¶ 9*.

The Bartletts have failed to identify any defect in removal of this action, nor have they presented any evidence or persuasive argument in opposition to the Notice of Removal. Because it appears from the Notice of Removal that removal was proper, and because the Bartletts have not demonstrated in any way that removal was improper, the

Court will recommend[3] that the Bartletts' opposition to removal, treated herein as a motion to remand, be denied.

B. **Motion to Dismiss**

Defendants argue that the Bartletts' theory for recovery is "not novel" and has been "rejected many times in this district and [in] virtually every other district across the country." *ECF No. 6 at 7*. The Court agrees.

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

---

[3]The Ninth Circuit recently issued an opinion stating:

> Because a 28 U.S.C. § 1447(c) remand order is dispositive of all federal proceedings in a case, we hold that a motion to remand is properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A), meaning that a remand order cannot be issued by a magistrate judge. Thus, a magistrate judge presented with a motion for remand should provide a report and recommendation to the district court that is subject to de novo review[.]

Flam v. Flam, 788 F.3d 1043, 1047 (9th Cir. 2015) (citation and quotation marks omitted).

*Pacifica Police Department*, 901 F .2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The Court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

As noted above, although the Bartletts did not file a response directed at Defendants Rule 12(b)(6) motion, they did argue the merits of their claim in their objection to removal. *See ECF No. 7-1*. In doing so, however, the Bartletts merely reiterated the allegations in their Complaint. *Id. at 2-9*. This is insufficient to survive a motion to dismiss under Rule 12(b)(6), and the Court concludes that the Bartletts have failed to state a claim upon which relief can be granted.

In *Green v. Eagle Bank*, this Court recently discussed and rejected the theory that the Bartletts' advance in this case, as follows:

> Ultimately, [Plaintiff] contends the securitization and the separation of the Note from the Deed of Trust has rendered those two documents unenforceable, and has divested Defendants of any interests they may have had in the Note, the Deed of Trust, and the right to foreclose on the Residence. [Plaintiff's] theories are lacking in merit.
>
> Courts have consistently rejected mortgagors' theories asserting that the sale and securitization of a loan invalidates the power of sale authorized in a deed of trust. *Washburn v. Bank of America, N.A.*, 2011 WL 7053617, *5 (D. Idaho 2011) (citing cases). The theory that the securitization of a promissory note renders a deed of trust unenforceable "is frivolous, [and] has no support in the law[.]" *Marty v. Wells Fargo Bank*, 2011 WL 1103405, *7 (E.D. Cal.2011) (citing cases). Furthermore, the Deed of Trust in this case permitted the Note to be sold. (*Doc. 14-1 at 12*.) Because the securitization of the Note did not affect the enforceability of the Deed of Trust or the power of foreclosure and sale authorized in the Deed of Trust, *see Heffner v. Bank of America*, 2012 WL 1636815, *3 (D. Mont. 2012), [Defendants'] motions should be granted in this respect.

*Green v. Eagle Bank*, 2013 WL 6248848, *7 (D. Mont., Dec. 3, 2013); *see also Whipple v. Mann Mortgage, LLC*, 2014 WL 1404901, at *6 (D. Mont., Apr. 10, 2014).

Consistent with the foregoing authority, the Court must reject the Bartletts' argument. Their theory has no support in the law. As noted, this Court and others have consistently rejected it. And, as in *Green*, the Deed of Trust permits the Note to be sold without prior notice to

the Bartletts. *ECF No. 4 at 75*. For these reasons, the Bartletts' Complaint lacks a cognizable legal theory. *Balistreri*, 901 F.2d at 699. Thus, they have failed to state a claim upon which relief can be granted, and the Court must grant Defendants' motion to dismiss.

## VI. <u>CONCLUSION</u>

Based on the foregoing, IT IS RECOMMENDED that: (1) the Bartletts' motion to remand (*ECF No. 7 and 7-1*) be DENIED; and (2) Defendants' motion to dismiss (*ECF No. 5*) be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 20th day of June, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge